IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SANDRA L. CAYOU, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3153 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| MICHAEL J. ASTRUE, | ) | **AND ORDER** |
| COMMISSIONER, SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

When deciding a social security appeal, what should a reviewing judge do when confronted with an error by the administrative law judge ("ALJ") regarding an opinion of a health care expert hired by the Social Security Administration that is potentially consequential *even though* the reviewing judge would probably deny benefits if the decision were his to make in the first instance?

Because the power to award or deny social security benefits is not initially vested in the reviewing judge, the answer to the foregoing question is this: While it may seem like a waste of time, the reviewing judge should reverse and remand so that the ALJ can clarify his or her thought process. *See*, *e.g.*, *McCadney v. Astrue*, No. 07-2013, slip op. at 5-6 (8th Cir. Mar. 17, 2008) (where a consultative examination was conducted by a health care expert hired by the Social Security Administration, but the ALJ failed to discuss the expert's diagnosis of mild dementia, the case would be remanded for clarification of the ALJ's reasoning).

The plaintiff's primary[1] claim of error relates to the ALJ's failure to deal with a portion of a residual functional capacity assessment conducted by Donald J. Larson, M.D. (Tr. 263-271.) Dr. Larson opined that a fairly severe ankle fracture suffered by the plaintiff would limit the claimant to standing or walking only about two hours out of an eight-hour workday (Tr. 264) and that limitation, while not permanent, would likely extend from May 24, 2005, the date of the fracture, through May of 2006. (Tr. 271.) Despite Dr. Larson's limitation, the ALJ found that the claimant could engage in "a full range of light work" with certain other restrictions that are not pertinent. (Tr. 25.)

By definition, the ability to do a "full range of light work" requires "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10 (1983), *available at* 1983 WL 31251, at \*6. *See, e.g., Carter v. Sullivan*, 909 F.2d 1201, 1202 (8th Cir. 1990) (where ALJ found that claimant could do "light work," but could not stand or walk, off and on, for approximately 6 hours of an 8-hour workday, Secretary's failure to follow his own regulations regarding definition of "light work" required reversal and remand). Consequently, the ALJ's residual functional capacity assessment was at odds with the assessment of Dr. Larson, an expert hired by the government.

Critically, the ALJ did not mention Dr. Larson by name and only referred to his evaluation by a citation to an exhibit number. (Tr. 27 (citing Exhibit 8F).) Even the ALJ's passing reference failed to acknowledge Dr. Larson's specific limitation about the claimant's inability to stand long enough to do "light work." (*Id.* ("Other state agency physicians have concluded that the claimant could perform the general requirements of light work with some postural limitations and manipulative

---

[1]Because it is unnecessary to do so, I do not reach the other claims of error asserted by the plaintiff.

limitations . . . .").) Nowhere does the ALJ explain why he apparently rejected Dr. Larson's specific limitation on standing.

As a result, and recognizing that Dr. Larson's limitation on standing was expected to last (at least) one year (from the date of accident in May of 2005 through May of 2006)[2], the ALJ's residual functional capacity assessment is not founded upon substantial evidence in the record and reversal and remand must follow. *See, e.g., McCadney*, slip op. at 5 ("Our primary difficulty is not with the possibility that the ALJ discounted [the consulting expert's] opinion, as an ALJ is free to discount a physician's report if the record warrants this. The problem with the ALJ's opinion is that it is unclear whether the ALJ *did* discount [the expert's] opinion, and, if it did so, why.") (emphasis in original; citation omitted).

I make one additional observation. The government's counsel does a good job of explaining in the brief why the ALJ *may* have discounted Dr. Larson's limitation. (Filing 14, at CM/ECF pp. 7-8.) However, given the fact that Dr. Larson's opinion is the *only* residual functional capacity assessment regarding the ability to stand obtained *after* the fracture to the claimant's ankle, and given the fact that the ALJ failed to specifically address Dr. Larson's limitation on standing, counsel's rationalization can not be used as a substitute for a reasoned decision by the ALJ.

In other words, this mistake is not a mere drafting error. On the contrary, the error was a significant one because the ALJ seemingly ignored the views of an expert hired by the government. While the judge was not required to defer to the doctor hired by the government, the judge was required to consider and evaluate the doctor's opinion and address that opinion in the judge's decision. *See* SSR 96-6P (1996),

---

[2]In order to be compensable, impairments (that do not meet the "listings") must have "lasted or can be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1525(c)(4). *See also* 20 C.F.R. § 416.925(c)(4).

*available at* 1996 WL 374180, at *4 ("[T]he administrative law judge . . . must consider and evaluate any assessment of the individual's RFC by a State agency medical . . . consultant . . . ." and "RFC assessments by State agency medical . . . consultants . . . are to be considered and addressed *in the decision* . . . .") (emphasis added).

   Accordingly,

   IT IS ORDERED that the decision appealed from is reversed and this case is remanded to the Commissioner for further proceedings consistent with this opinion. A separate judgment will be entered.

   DATED this 18th day of March, 2008.

                              BY THE COURT:

                              s/ *Richard G. Kopf*
                              United States District Judge